DUMAS, Plaintiff in error, v. STATE, Defendant in error.†

Court of Appeals

*No. 78-773-CR. Submitted on briefs May 2, 1979.—
Decided May 4, 1979.*
(Also reported in 280 N.W.2d 310.)

For the plaintiff in error the cause was submitted on the briefs of *Richard L. Cates,* state public defender, and *Melvin F. Greenberg,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Betty R. Brown,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

BABLITCH, J.  Olton Lee Dumas (defendant) was convicted by a jury on February 23, 1978, of one count of burglary in violation of sec. 943.10(1) (a), Stats., and one count of possession of burglarious tools in violation of sec. 943.12, Stats.  He was sentenced to an indeterminate term of up to five years on the burglary conviction and a consecutive term of one year on the possession conviction.

† Petition to review denied.

On August 15, 1978, defendant filed a post-conviction motion requesting that the judgment of conviction for possession of burglarious tools be vacated or, in the alternative, that the sentences be modified to run concurrently. The motion was denied by order entered October 20, 1978. Defendant appeals from that order.

A detailed recitation of the facts is unnecessary. On November 8, 1977, defendant was apprehended inside the burglarized building, while the burglary was in progress, with a tire iron and a crowbar in his possession.[1] The sole issued raised on appeal is whether it was "proper" to convict and sentence defendant of both burglary and possession of burglarious tools under these circumstances.[2]

In arguing that it is not, and in urging this court to decide in his favor an issue which "has never been raised in a reported case in the State of Wisconsin," the defendant cites in his brief a single case, and a portion of a 1953 comment of the Wisconsin Legislative Council, Judiciary Committee Report on the Criminal Code.[3]

---

[1] Defendant does not challenge the sufficiency of the evidence to convict on either count. For this reason, we assume as true the facts comprising the elements of each crime as defined by the statutes.

[2] We state the issue as it is framed by defendant.

[3] Wis. Legis. Council, Judiciary Committee Report on the Criminal Code, Vol. III at 105 (1953).

The rationale of this section is that it defines a specific attempt, either to steal or commit burglary or both. The section dispenses with one of the requirements of the general attempt section—that is, the necessity of proving that a person who has not done all the acts which he believes necessary to commit the crime nevertheless has gone so far toward committing the crime that a person who has gone that far would normally commit the crime except for the intervention of some other person or some extraneous factor. This section assumes as a matter of law that a person who has gone so far as to possess burglar tools with intent to use them to commit a burglary or crack a safe normally would go ahead and carry out his intent unless some other person or some extraneous factor interfered with his plans.

The 1953 committee comment was made with respect to a proposed, but never enacted, version of sec. 343.12, Stats. (1953), which was a predecessor of present sec. 943.12, Stats., prohibiting the possession of burglarious tools. The author of that comment stated that the rationale of the proposed statute "is that it defines a specific attempt, either to steal or commit burglary or both," and to relieve the state of the burden of proving all the elements of an attempted crime as set forth in the general attempt statute (present sec. 939.32). The defendant concludes from this comment that "[i]t is apparent, therefore, that the possession of burglarious tools statute is, in reality, an attempted burglary statute." Since this is so, he reasons, prosecution of both burglary and possession of burglarious tools arising out of the same criminal event is impermissible under sec. 939.72(3), Stats., which prohibits the conviction of a person for both an inchoate and a completed crime.

If the committee comment is indicative of anything, it indicates the 1953 legislature's determination to create a substantive crime prohibiting and punishing the possession of burglarious tools. The very existence of the statute, which carried the same maximum penalty as that provided for burglary until a recent amendment,[4] evinces the legislature's belief that one who possesses burglarious tools with intent to commit a burglary has already committed a significant crime against society.

Section 939.72, Stats., is entitled "No conviction of both inchoate and completed crime." It reads, in relevant part, as follows:

A person shall not be *convicted under* both:

(3) *Section 939.32* for attempt and the section defining the completed crime. (Emphasis supplied.)

---

[4] The penalty for violation of this statute was reduced from a maximum of ten years to a maximum of two years when the crime was reclassified as a Class E felony by ch. 173, sec. 55, Laws of 1977, effective June 1, 1978.

Section 939.32, Stats., defines "attempt":

(2) An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that he does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor.

The defendant was not charged with or convicted of an attempt under sec. 939.32. He was charged with the completed crimes of possession of burglarious tools and burglary. He was convicted of both crimes. The provisions of sec. 939.72 were not violated thereby.

The case of *Simpson v. United States*, 435 U.S. 6 (1978), cited by defendant, is not on point. It deals with the application of a federal rule of statutory construction to two federal criminal statutes, one of which provides an enhanced penalty for bank robbery when committed with the use of a dangerous weapon, and the other of which imposes a mandatory imprisonment penalty for one who used a firearm in the commission of any felony prosecutable in a federal court.[5] In that case the court held that a defendant prosecuted under both statutes for conduct arising out of a single transaction of bank robbery could not be sentenced under both statutes. It based its holding on (1) legislative history indicating that Congress did not intend to allow the separate punishment under both statutes of a single act committed with a firearm;[6] (2) the federal "rule of lenity" mitigating against the construction of a criminal statute " 'so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a

[5] The text of these statutes is set forth in full in 435 U.S. 6, 7–8 nn. 1 & 2.

[6] *Id.* at 13–14.

guess as to what Congress intended;' "[7] and (3) the rule of construction giving precedence to specific over general statutes speaking to the same subject.[8]

*Simpson* is not helpful in addressing the issues purported to be raised in this appeal. We do not have before us two statutes providing separate penalties for identical conduct. Unlike the statutes in *Simpson,* the statutes in question here define crimes having elements entirely distinct from one another. The elements of burglary are (1) intentional entry of a specified place (2) without consent (3) with intent to steal or commit a felony therein.[9] The elements of possession of burglarious tools are (1) possessing tools (2) which are designed or adapted to break into a building or depository, with (3) intent to break into a specified place and steal therefrom.[10] Unlike the statutes in *Simpson,* the statutes here do not provide for enhanced penalties based upon the same factor. Unlike those statutes, neither statute involved in this case is either more general or more specific than the other. Unlike the *Simpson* court, this court has before it no hint of a legislative intent to prohibit the prosecution and punishment of the separately defined crimes of burglary and possession of burglarious tools when both crimes can be proven to have been committed in the same criminal transaction.

If there is any reason to apply the federal "rule of lenity" to the facts of this case, or anything "improper" in imposing consecutive sentences in these circumstances, defendant has failed to identify the reason or the impropriety. This court will not make an independent search for either.

The final section of defendant's brief consists of a single paragraph entitled *"Due Process."* We set it forth in full:

---

[7] *Id.* at 14–15.

[8] *Id.* at 15.

[9] *See* Wis J I—Criminal, 1421, 1424.

[10] *See id.* at 1431.

Defendant also contends that to allow a conviction, as well as a consecutive sentence, for burglarious tools possession on top of burglary, under the circumstances as presented in the instant case, certainly offends fundamental fairness and therefore to allow that to stand certainly is a deprivation of due process.

We decline this opportunity to decide an undefined constitutional issue.

*By the Court.*—Order affirmed.