486 A.2d 974

**Stella L. BANKS**

v.

**Willie L. RANDLE, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 18, 1984.

Filed Dec. 21, 1984.

Daniel W. Shoemaker, York, for appellant.

Joseph R. Adamczyk, Jr., York, for appellee.

Before WICKERSHAM, WATKINS and HESTER, JJ.

WICKERSHAM, Judge:

In this appeal we are asked to decide whether due process entitles a defendant in a paternity action to the effective assistance of counsel.

On March 4, 1980, Stella Banks, appellee herein, began an action in the York County Court of Common Pleas to determine support and/or paternity of a daughter born to her on November 17, 1979. Appellant, Willie Randle, was named as the child's father. Appellant denied paternity and requested that a blood test be performed. Thereafter,

appellant obtained an attorney and the case progressed through pre-trial proceedings.

On October 22, 1982, a jury trial was held on the issue of paternity. Appellant's counsel was present, but appellant was not. The trial court ordered the case to proceed in the absence of appellant. The sole witness to testify at the trial was appellee. In fact, she testified on her own behalf, and was also called as a witness by appellant's counsel. Appellant's counsel presented no other witnesses; nor did he present the results of the H.L.A. blood test, which, while more favorable to appellee, left considerable room for doubt as to the child's true paternity.[1] The jury's verdict was in favor of appellee and against appellant. No post-trial motions were filed by appellant's counsel.

The matter was eventually set down for a support hearing and at that point, appellant obtained his present counsel. In late March of 1983, appellant's new counsel filed a petition for leave to file motions for a new trial *nunc pro tunc,* on the basis of prior counsel's incompetence. Appellee filed an answer to the petition and both parties filed briefs. The petition was eventually dismissed by the trial court without a hearing on June 22, 1983. A support hearing held on August 22, 1983 resulted in a support order against appellant in the amount of $30.00 per week, and $40.00 per week on the arrearages. Appellant filed this timely appeal, questioning not the amount of support, but whether the court erred in refusing to grant his motion for a new trial *nunc pro tunc.*

To answer this, we must first decide whether appellant may raise the issue of ineffective assistance of counsel in an appeal from a civil proceeding in paternity. The trial court found that because a paternity proceeding is a *civil* case, incompetency of trial counsel alone will not support a motion for a new trial. As appellee states in her brief, "a party in an ordinary civil law suit is not entitled, as a matter of due process, to 'competent counsel.' " Brief for Appellee

1. The H.L.A. test showed a 74.68% plausibility that appellant was the child's father.

at 4. Rather, "if a party is deprived of a substantial right in a civil action by incompetent counsel, his remedy is, not another contest with the other litigant, but an action against his counsel." Brief for Appellee at 5.

■ The fourteenth amendment to the United States Constitution drawing from the fifth amendment, provides in part, that "No State shall ... deprive any person of life, liberty, or property, without due process of law." The sixth amendment, as applied to the states through the fourteenth amendment in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), gives a defendant in a criminal case the right to have the assistance of counsel for his defense. A similar provision is embodied in article I, section 9, of the Pennsylvania Constitution. While there is no similar provision for counsel for defendants in civil actions, our court has stated that "the civil/criminal distinction is unavailing in determining whether counsel is constitutionally required." *Corra v. Coll,* 305 Pa.Super. 179, 185, 451 A.2d 480, 483 (1982). A resolution of this question cannot be reached by applying a wooden civil/criminal distinction. *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (juvenile delinquency proceedings). That approach has been abandoned in favor of an emphasis on the nature of the threatened deprivation. *See In re Hutchinson,* 279 Pa.Super. 401, 421 A.2d 261 (1980), *aff'd,* 500 Pa. 152, 454 A.2d 1008 (1982) (civil commitment hearings).

In *Corra v. Coll, supra,* this court recognized that denial of counsel for indigent defendants in civil paternity actions is inconsistent with due process. The court noted that it was immaterial that paternity actions, previously governed by criminal statutes, are now civil in nature. *See generally Williams v. Wolfe,* 297 Pa.Super. 270, 443 A.2d 831 (1982); *Mansfield v. Lopez,* 288 Pa.Super. 567, 432 A.2d 1016 (1981). This is chiefly because an adjudication of paternity may still result in the future loss of physical liberty. Once paternity is established and a support order entered, an adjudged father who, while financially capable, willfully fails to comply with that order, can be imprisoned. The

*Corra* court examined the three due process factors enunciated in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33 (1976)—the private interests of the defendant, the risk of an erroneous adjudication of paternity, and the government's interest—and balanced them against the presumption that counsel is required for indigent defendants who face a potential loss of liberty as a result of an adjudication of their paternity. The court concluded that:

[T]he due process clause of the Fourteenth Amendment to the United States Constitution requires the appointment of counsel for indigent defendants in civil paternity actions in Pennsylvania. Due process is an elastic concept which must be adapted to fit the exigencies of the particular situation at hand. There is no situation of more monumental importance, or more worthy of due process protection, than the creation of a parent-child relationship. In recognition of this, the legislature has conferred legal representation on a complainant upon the request of the court, or a Commonwealth or local public welfare official. We find no reason why an indigent defendant, accused of parentage, should not also be provided with the assistance of experienced counsel.

*Corra v. Coll, supra,* 305 Pa.Superior Ct. at 193–94, 451 A.2d at 488 (footnotes omitted).

In *White v. Gordon,* 314 Pa.Super. 185, 460 A.2d 828 (1983), this court was presented with a paternity defendant who was not indigent. In holding that Gordon was denied due process when the lower court ordered him to proceed, without benefit of counsel, at a paternity hearing which resulted in a finding of paternity and the entry of a support order against him, the court stated:

The instant appeal differs somewhat from the issue addressed by the *Corra* court since the paternity defendant there was indigent, while the paternity defendant in the instant case is not. It appears clear, however, that a potential deprivation of liberty confronts any paternity defendant, whether or not indigent, and, since this court

has determined that indigent paternity defendants have a right to counsel, *non-indigent paternity defendants must, at least, be afforded a reasonable opportunity to secure representation by counsel to assist in the defense of such claims.* Therefore, we conclude that appellant here, although not indigent, should have been granted, under the circumstances hereinbefore detailed, a reasonable opportunity to retain counsel of his choice to represent him for the trial of the case.

*Id.,* 314 Pa.Superior Ct. at 189, 460 A.2d at 830 (footnote omitted) (emphasis added). Gordon was then given an opportunity to obtain counsel, even though the case had already been continued a number of times, Gordon had been told by the court about two months prior to trial that he must secure counsel before the trial date or proceed without counsel, and Gordon had made no objection to proceeding without counsel.

■ Given the recognition of the right to counsel for paternity defendants in *Corra v. Coll, supra* and *White v. Gordon, supra,* we find it impossible to deny such a defendant the right to effective assistance of counsel. It is axiomatic that the right to the assistance of counsel means the right to the *effective* assistance of counsel. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Commonwealth v. Kale,* 331 Pa.Super. 155, 480 A.2d 291 (1984). "[I]f the right to counsel guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of incompetent counsel." *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763, 773 (1970). Indeed, without the guidance of competent counsel, appellant's right to representation would be rendered worthless. *In re Hutchinson, supra.* Thus, were we to hold that a paternity defendant's right to counsel does not require the effective assistance of counsel, we would be exalting form over content.

■ Holding as we do that the law contemplates the assistance of *effective* counsel, it follows that appellant may

raise the issue of ineffectiveness on appeal. To relegate appellant to the civil remedy of a malpractice suit for money damages is no remedy at all for the potential loss of liberty and the seriousness and permanence attached to an adjudication of paternity. Hence, appellant's ineffectiveness claims must be studied in order to determine an appropriate remedy.

To examine a claim of ineffectiveness a two-step analysis is used:

> The Court must first determine whether the issue underlying the charge of ineffectiveness is of arguable merit. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978). If the underlying issue is found to be of arguable merit, our inquiry shifts to a determination of whether the course chosen by counsel had some reasonable basis aimed at promoting his client's interests. *Commonwealth v. Evans*, 489 Pa. 85, 91, 413 A.2d 1025, 1028 (1980); *Commonwealth v. Sherard*, *supra*.

*Commonwealth v. Jennings*, 285 Pa.Super. 295, 298–9, 427 A.2d 231, 232 (1981).

*Commonwealth v. Golson*, 310 Pa.Super. 532, 535, 456 A.2d 1063, 1065 (1983).

Appellant herein alleges that his trial counsel was incompetent in: failing to give him notice of the trial date; failing to request a continuance to secure appellant's presence; failing to present any evidence beneficial to appellant; failing to present a defense; failing to examine and/or strike prospective jurors; failing to put into evidence the results of the blood test; failing to notify appellant of the verdict until it was too late to file post-trial motions; and failing to file post-trial motions. We find that several of these allegations, if proved, have arguable merit. However, the problem in this case, as in most cases where the claim of ineffectiveness is raised on direct appeal, is that we have before us no record of any hearing at which testimony was taken on these allegations or at which trial counsel was given an opportunity to explain his reasons for failing to do

the things that appellant now challenges. Where, as here, it is impossible to tell from the record why trial counsel chose the course of action he did, we must remand for an evidentiary hearing, at which time trial counsel may state his reasons for choosing this particular course if, in fact, it was his decision. *See Commonwealth v. Turner*, 469 Pa. 319, 365 A.2d 847 (1976); *Commonwealth v. Mills*, 332 Pa.Super. 75, 480 A.2d 1192 (1984). The trial court will then be able to determine whether trial counsel had any reasonable basis for his actions. If, after the hearing, the lower court determines that trial counsel was ineffective, it may grant appropriate relief, in this case, a new trial on paternity. If counsel is found to have provided effective representation, the lower court shall reinstate the order of support and judgment of paternity entered against appellant.

The order of support and judgment of paternity are vacated and the case is remanded for an evidentiary hearing on appellant's ineffectiveness claims. Jurisdiction is relinquished.