540 A.2d 301

**Vernette KITRELL, Appellee,**

v.

**Juan R. DAKOTA, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1987.

Filed April 7, 1988.

Joel F. Bigatel, Philadelphia, for appellant.

Fern L. Kletter, Assistant District Attorney, Philadelphia, for Com., appellee.

Before McEWEN, MONTEMURO and KELLY, JJ.

KELLY, Judge:

Appellant, Juan Dakota, appeals from an order determining paternity and awarding child support. We affirm.

Appellant raises four contentions on appeal. First, appellant contends the trial court erred in failing to recuse itself, *sua sponte*, as the result of its exposure to allegedly inadmissible and highly prejudicial evidence regarding blood test results during a pre-trial hearing. We find no merit in this contention. Next, appellant contends that trial counsel was ineffective in failing to conduct permitted discovery, failing to effectively cross-examine the plaintiff, and failing to object to prejudicial remarks by the prosecution. Appellant concedes this issue is without merit; however, appellant contends the trial court's disposition was only proper because post-trial counsel was ineffective in failing to present evidence in support of the claims of trial counsel's ineffectiveness. In *Banks v. Randle*, 337 Pa.Super. 197, 486 A.2d 974 (1984), this Court announced that the standard then applicable for disposition of ineffectiveness claims in criminal cases was to be applied to ineffectiveness claims in

civil paternity proceedings. In this case we reconsider *Banks* in light of clarification of the criminal ineffectiveness standard provided by *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987) and other recent cases, and conclude that those clarifications apply equally to claims of ineffective assistance of counsel in civil paternity proceedings. Applying the *Pierce* analysis, we find no merit in appellant's contentions of ineffective assistance. Finally, appellant contends that the evidence was insufficient to establish paternity; we find no merit in the contention.

## FACTS AND PROCEDURAL HISTORY

On August 20, 1984, appellee, Vernette Kitrell, filed a complaint requesting child support for her minor child, naming appellant as putative father and defendant. Appellee testified at the paternity trial on October 10, 1985, that she first met appellant at an Indian Powwow in August of 1983 and that they commenced a sexual relationship in September 1983 which continued until appellee was 3–½ months pregnant with the subject child. She denied having relations with any other man between September and November of 1983; she indicated that her last menstrual cycle occurred in October of 1983. She testified further that she informed appellant of her pregnancy in late November 1983, and that appellant continued to see her but informed her they could not marry as he was engaged to another. Appellant denied these facts at trial. The trial court, sitting as finder of fact, however, specifically found appellee's version of events to be more credible. The court ruled that appellee had established that appellant was the father of the child by the preponderance of the evidence; accordingly, an order was entered finding appellant to be the father of the child.

Appellant filed post-trial motions alleging, *inter alia*, ineffective assistance of trial counsel. At that juncture appellant had been represented by two different counsel, pre-trial counsel, trial counsel, and pre-trial counsel again for post-trial proceedings. Pre-trial counsel had requested and was granted permission by the trial court to conduct

civil discovery; he intended to depose the appellee. However, when trial counsel succeeded pre-trial counsel, she chose not to depose appellee. Instead, trial counsel elected to file a motion to suppress evidence of blood test (HLA) results (which was granted) and to proceed to trial. Pre-trial counsel, in turn, succeeded trial counsel, and asserted in post-trial motions that trial counsel was ineffective for failing to depose the appellee and for failing to object to the prosecution's remark made during pre-trial motions that the blood tests were "99.99 per cent."

The trial court granted an evidentiary hearing on the issue of trial counsel's alleged ineffectiveness; however, post-trial counsel elected to forego the opportunity to present evidence in support of those claims (*e.g.* testimony of appellant and/or trial counsel) and instead presented argument that trial counsel also ineffectively cross-examined the appellee at trial. We note that this new argument had not been presented in appellant's written post-trial motions.

All of appellant's post-trial motions, including the ineffectiveness claims, were denied. Subsequently, on August 20, 1986, a hearing was held to determine appellant's support obligation. After argument on appellant's exceptions to the recommended award, the court entered a final order of support. Post-trial counsel was permitted to withdraw and present counsel (appellant's third) was appointed to represent appellant in this timely appeal. We shall address appellant's contentions on appeal *seriatim*.

## I.

██ Appellant first contends that the trial court erred in failing to recuse itself, *sua sponte,* following its exposure to allegedly inadmissible and highly prejudicial evidence regarding blood test results, *i.e.* the district attorney's assertion that the test results were "99.99 per cent." We find no merit in the contention.

The challenge is based upon an exchange which occurred during a pre-trial hearing on the admissibility of the blood

test results. (N.T. 10/9/86 at 10). In response to the challenged statement by the district attorney, the trial court, without waiting for objection by counsel for appellant, admonished the district attorney that admissibility of the tests was the only matter at issue. (N.T. 10/9/86 at 10). After some further discussion regarding admissibility, the district attorney agreed not to present the test results at trial; the trial court then noted that any further objections regarding the tests were rendered moot. (N.T. 10/9/86 at 12). Counsel for both parties agreed. (N.T. 10/9/86 at 12–13).

In its Pa.R.A.P. 1925(a) opinion, the trial court has unequivocally denied consideration of the district attorney's remark in reaching its decision. Trial Court Opinion at 4. We accept this assurance; we note that judicial fact finders are deemed capable of disregarding most inadmissible evidence. *Cf. Commonwealth v. Davis,* 491 Pa. 363, 421 A.2d 179 (1980) (a judge in bench trial is presumed capable of disregarding inadmissible evidence); *Commonwealth v. Stinnett,* 356 Pa.Super. 83, 97, 514 A.2d 154, 161 (1986) (same). Consequently, we reject appellant's first contention.

## II.

Appellant next raises several allegations of ineffective assistance of counsel. Before addressing the merits of these claims, we must first determine the proper standard to be applied to ineffectiveness claims regarding representation afforded defendants in paternity proceedings.

## A.

In *Corra v. Coll,* 305 Pa.Super. 179, 451 A.2d 480 (1982), this Court concluded that because of the special interests at stake in paternity actions, an indigent defendant is entitled to representation by court-appointed counsel in order to ensure the defendant due process of law. In *White v. Gordon,* 314 Pa.Super. 185, 460 A.2d 828 (1983), this Court held that since indigent paternity defendants have a right to

court-appointed counsel, "non-indigent paternity defendants must, at least, be afforded a reasonable opportunity to secure representation by counsel to assist in the defense of such claims." 314 Pa.Superior Ct. at 189, 460 A.2d at 830.

In *Banks v. Randle, supra,* a panel of this Court stated that *Corra v. Coll, supra,* and *White v. Gordon, supra,* had firmly established the right to counsel in paternity proceedings. This Court then reasoned that the right to counsel would be meaningless in this context unless it included the right to challenge counsel's effectiveness on direct appeal and explained further that a two-step analysis would be applied to assess the merits of such ineffectiveness claims:

> The Court must first determine whether the issue underlying the charge of ineffectiveness is of arguable merit. *Commonwealth v. Sherard,* 483 Pa. 183, 394 A.2d 971 (1978). If the underlying issue is found to be of arguable merit, our inquiry shifts to a determination of whether the course chosen by counsel had some reasonable basis aimed at promoting his client's interests. *Commonwealth v. Evans,* 489 Pa. 85, 413 A.2d 1025, 1028 (1980).

486 A.2d at 977.

■ The correctness of these decisions has not been challenged by either party in this appeal. However, in the time since *Banks v. Randle, supra,* was decided, our Supreme Court has refined its ineffective assistance of counsel analysis as applied in a criminal context. In *Commonwealth v. Petras,* 368 Pa.Super. 372, 534 A.2d 483 (1987), this Court summarized the current standard as follows:

> [I]n order to establish a claim of ineffectiveness, appellant must establish that: by act or omission counsel was arguably ineffective; counsel's act or omission could not have had a reasonable basis designed to effectuate appellant's interests; and appellant was prejudiced by the act or omission in that but for the arguably ineffective act or omission there is a reasonable probability that the result would have been different. *Commonwealth v. Pierce,* [515] Pa. [153], [157–60], 527 A.2d 973, 975–76 (1987); *see*

*also Commonwealth v. Johnson,* [516] Pa. [407], [413], 532 A.2d 796, 799 (1987). ("The standard of review is that there must be a reasonable probability that but for counsel's unprofessional errors, the result of the trial would have been different.").

368 Pa.Superior Ct. at 376, 534 A.2d at 485. With respect to the issue of whether counsel's act or omission could have had a reasonable basis designed to effectuate appellant's interests, this Court noted specifically that:

The test must be objective rather than subjective. If the Court determines that a reasonable basis designed to effectuate the appellant's interests exists for a particular act or omission, then, regardless of counsel's purported subjective motivations for the act, appellant can not be said to have been denied a fair trial. The reasonableness of the act or omission precludes a finding of ineffectiveness.

368 Pa.Superior Ct. at 376 n. 1, 534 A.2d at 485 n. 1. (Citation omitted). Upon review of the reasoning set forth in *Banks v. Randle, supra,* we find that the test applied currently to claims of ineffective assistance of counsel in criminal cases applies with equal force to civil cases, such as paternity cases, where the right to effective assistance of counsel has been deemed a requirement of due process.

### B.

Appellant contends that trial counsel was ineffective in failing to conduct permitted discovery, failing to effectively cross-examine the plaintiff, and failing to object to prejudicial remarks by the district attorney. Appellant also contends that post-trial counsel was ineffective in failing to present evidence at the evidentiary hearing in support of his claims that trial counsel was ineffective. We find no merit in these contentions.

In his appellate brief, appellant concedes that the trial court properly rejected appellant's post-verdict assertions that trial counsel was ineffective; he acknowledges that post-trial counsel failed to present any evidence to support

those claims. (Appellant's Brief at 7–8). Thus, appellant actually presents only a single assertion of ineffective assistance of counsel, *i.e.* post-trial counsel was ineffective in failing to present evidence in support of appellant's claims that trial counsel was ineffective. There has been no evidentiary hearing on this claim.

> In *Commonwealth v. Petras, supra,* this Court stated:
> When an arguable claim of ineffective assistance of counsel has been made, and there has been no evidentiary hearing in the court below to permit the defendant to develop evidence on the record to support the claim, and to provide the Commonwealth an opportunity to rebut the claim, this Court will remand for such a hearing. *See Commonwealth v. Spotts,* 341 Pa.Super. 31, 33, 491 A.2d 132, 134 (1985). However, remand for an evidentiary hearing is not a discovery tool wherein counsel may conduct investigation and interrogation to search for support for vague or boilerplate allegations of ineffectiveness. Rather, appellant 'must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective,' before remand for an evidentiary hearing will be granted. *Commonwealth v. Pettus,* 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). Moreover, if it is clear that: the allegation lacks arguable merit; an objectively reasonable basis designed to effectuate appellant's interests existed for counsel's actions or inactions; or appellant was not prejudiced by the alleged error by counsel, then an evidentiary hearing is unnecessary. *Commonwealth v. Clemmons,* 505 Pa. 356, 361, 479 A.2d 955, 957 (1984).

368 Pa.Superior Ct. at 376, 534 A.2d at 485. In order to warrant remand for an evidentiary hearing on appellant's present ineffectiveness claim, appellant must have offered to prove facts which if proven would establish post-trial counsel's ineffectiveness; he did not.

■ When, as in this case, an assertion of ineffective assistance of counsel is based upon counsel's alleged failure

to effectively litigate a claim of ineffectiveness regarding prior counsel, proof of the merit of that ineffectiveness claim is necessary to establish the merit of the current ineffectiveness claim. Absent proof of the actual merit of the underlying ineffectiveness claim, actual prejudice with respect to the current claim cannot be established. *Cf. Kimmelman v. Morrison,* 477 U.S. 365, 374, 106 S.Ct. 2574, 2583, 91 L.Ed.2d 305, 318–19 (1986) (where an ineffectiveness claim is based upon the alleged failure to effectively litigate a suppression claim, proof of the actual merit of the suppression claim is necessary to demonstrate actual prejudice). Thus, to warrant even an evidentiary hearing in the instant case, appellant must have made in this Court a specific offer to prove sufficient facts to establish: the ineffectiveness claims regarding trial counsel were meritorious; post-trial counsel had no reasonable basis for failing to present evidence necessary to establish the merit of the prior claims; and, had the claims been found to be meritorious the result would have been more favorable to appellant (*e.g.* the trial court would have granted a new trial rather than denied the post-trial motions).

■ Appellant first contends post-trial counsel ineffectively litigated appellant's claim that trial counsel was ineffective in failing to object to the allegedly prejudicial remark discussed in Part I of this opinion. We have previously noted that the trial court stated that it did not consider the challenged statement in reaching its decision in this case and that we accept the assurance given by the trial court. As no actual prejudice could have arisen from the statement under these circumstances, counsel's failure to object cannot constitute ineffective assistance of counsel, and likewise post-trial counsel's conduct cannot constitute ineffective assistance of counsel.

■ Appellant also contends that post-trial counsel ineffectively litigated his claims that trial counsel was ineffective in failing to conduct discovery and in failing to effectively cross-examine the plaintiff. Appellant argues that had pre-trial discovery been conducted, counsel would have been better able to cross-examine the plaintiff and expose

inconsistencies in her version of the facts. Appellant also argues that discovery and cross-examination could have better established a basis for appellant's assertion that "the plaintiff's motive in naming him as the father arose out of a consuming desire on the plaintiff's part to be accepted as an American Indian when she was in fact a black woman...." (Appellant's Brief at 14).

The pregnant omission from appellant's argument is the absence of any offer to establish specific facts that trial counsel failed to discover or use at trial which would have aided appellant's case. Appellant *merely speculates* that use of discovery and "better" cross-examination would have helped to establish appellant's defense. This claim proffers little but vague conjecture; it is patently insufficient to warrant an evidentiary hearing. *See Commonwealth v. Petras, supra,* 534 A.2d at 485; *Commonwealth v. Stinnett, supra,* 514 A.2d at 157.

Moreover, the use and conduct of both depositions and cross-examination are matters of style and tactics involving subtle stratagems which are ordinarily within the exclusive province of trial counsel. *Cf. Commonwealth v. Petras, supra,* 534 A.2d at 487. The use of depositions and cross-examination may indeed reveal the opponent's strategy and expose contradictions and inconsistencies in the testimony of the opponent's witnesses; however, they may also reveal portions of the proponent's strategy, provide the opponent's witnesses with a dress rehearsal for in-court testimony, and enable the opponent to develop plausible explanations for apparent inconsistencies in its witnesses' testimony.

Without specific allegations as to known facts which counsel failed to discover or utilize, there is simply no basis upon which to conclude that trial counsel's tactical decision not to pursue the course now urged on appeal was unreasonable, nor is there any basis upon which to conclude appellant was actually prejudiced by the alleged ineffectiveness. We will neither assume prejudice based upon vague speculation, nor remand for a fishing expedition-like evidentiary hearing. Because appellant has failed to make a sufficiently specific offer of proof of facts which would

establish ineffective assistance of trial counsel, his claim on appeal that post-trial counsel ineffectively litigated his claim that trial counsel was ineffective must be rejected.

## III.

■ Finally, appellant contends that the evidence was not sufficient to sustain the finding of paternity. Appellant's arguments in this respect are confined exclusively to an attack upon the trial court's determination of the credibility of the witnesses; appellant's argument as much as concedes the sufficiency of the evidence and actually involves a challenge to the weight of the evidence. (Appellant's Brief at 19–20). However, the characterization of the contention makes no difference. It is axiomatic that the credibility of the witnesses was a matter reserved to the sound judgment of the finder of fact, in this case the trial court; moreover, upon review of the record, the briefs of the parties, and the opinion of the trial court, we find that the order determining paternity and ordering support is sustained by sufficient evidence and is not contrary to the weight of the evidence.

## CONCLUSION

Based upon the foregoing, the order of the trial court is affirmed.