452 A.2d 260

**COMMONWEALTH of Pennsylvania**

v.

**Alfred CARROLL, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 1982.

Filed Oct. 29, 1982.

Howard B. Zavodnick, Philadelphia, for appellant.

David E. Fritchey, Deputy District Attorney, Media, for Commonwealth, appellee.

Before SPAETH, BROSKY and BECK, JJ.

BECK, Judge:

Appellant, Alfred Carroll, was arrested on December 24, 1980 by Lansdowne police officers. Those officers had responded to a telephone call from an apartment building manager who saw appellant and another man separately charged driving into the parking lot; he recognized neither man. The manager noted that these men remained in the car for several minutes and then walked to the rear of the building. He went downstairs to see what they wanted and observed them standing in front of an apartment; one of them appeared to be jimmying the lock. He then called the police. Meanwhile the two men had gained entrance to Michael Anderson's apartment. A gun was placed at Anderson's head, and he was bound and gagged. The two men took cash and personal possessions from Anderson's apartment. Anderson testified that the two men heard the officers outside his doorway and fled through the kitchen window. The officers apprehended them nearby.

Appellant was convicted by a jury of robbery, burglary and conspiracy. No timely post-trial motions were filed. On June 5, 1981, a second attorney who is counsel on appeal petitioned the court to allow the filing of post-trial motions *nunc pro tunc*. The court denied that petition. Appellant was sentenced to two and one-half to five years incarceration for each offense; all sentences to run concurrently.

Appellant argues that the trial court abused its discretion in refusing to allow him to file post-trial motions *nunc pro tunc*. Preliminarily, we note that "[i]ssues not raised by posttrial motions are waived and therefore may not be raised on direct appeal.... For the waiver to be effective, however, the record must affirmatively demonstrate that the defendant was aware of his right to file post-trial motions and that he intelligently and voluntarily decided not to do so." *Commonwealth v. Williams,* 241 Pa.Super. 226, 228–229, 360 A.2d 735, 736 (1976) (citations omitted). The question, therefore, is whether appellant's waiver was voluntary and intelligent. In examining the waiver, we are guided by Pa.R.Crim.P. 1123(c) which states:

(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record:

(1) of the right to file post-verdict motions and of the right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein;

(2) of the time within which he must do so as set forth in paragraph (a); and

(3) that only the grounds contained in such motions may be raised on appeal.

The record reflects that the trial judge informed appellant of his right to file post-trial motions:

Alfred Carroll, the defendant, after having been found guilty as to all charges, I have to tell you the following rights that you have.

You have the right to file written post-trial motions within ten days of today's date challenging any proceeding or ruling which occurred for the jury verdict, challeng-

ing the conduct of the jury trial, challenging the verdict itself.

If you want to do that, and you cannot afford a lawyer, a lawyer will be provided for your free of charge.

If you file such a motion, you must be specific and in writing, otherwise we pay no attention to it, and your appeal rights will be severely limited and simply limited to the question of whether this Court had jurisdiction, and there is no question in my mind that it did because the offense occurred in Lansdowne, Delaware County.

The remaining right would be whether or not I give you a legal sentence, and I would give you a legal sentence.

Likewise, if you fail to file such motions, under the law you will be deemed to have waived them, given up your rights to challenge or attack any of the things we talked about, either before the trial, during the trial or the verdict itself.

Notes of Testimony ("N.T.") at 115–116.

■ Appellant alleges that he did not knowingly waive his right to file post-trial motions, but that claim is not borne out by the record. The trial court's statement was in full compliance with the requirements of Pa.R.Crim.P. 1123(c), and appellant acknowledged on the record that he understood his rights relating to post-trial motions. This case is not like *Williams* where the trial court's statement did not comply with the requirement of 1123(c)(3) that the trial judge inform the defendant "that only the grounds contained in such motions may be raised on appeal." In the instant case, the trial judge did so inform appellant. The trial judge also informed him of his right to counsel in filing the motions and on appeal and of the ten day time period within which he must file said motions.

Appellant additionally alleges that trial counsel was ineffective for failing to preserve the trial court's error in refusing appellant's request for a continuance to secure representation by private counsel.

██ We find that although appellant failed to file timely posttrial motions, his second attorney raised the above claim at his first opportunity to do so when he filed his Pa.R.A.P. 1925(b) statement alleging the basis for the appeal. We find therefore that this allegation of counsel's ineffectiveness is properly before us.[1]

Thus we will examine the merits of the foregone issue in the context of appellant's ineffective assistance of counsel claim. The question then is whether counsel had a reasonable basis for failing to preserve this alleged error.[2] "[W]e will find a 'reasonable basis' for inaction if the thing not done had no likelihood of success." *Commonwealth v. Ford,* 491 Pa. 586, 594, 421 A.2d 1040, 1044 (1980).

██ The facts underlying the foregoing claim are as follows. Appellant was represented by an assistant public defender for almost four months before indicating to him at the time of jury selection that he would no longer cooperate with counsel and that he wished to retain a private attorney who had represented him in a prior matter. He informed the court that his family had been in contact with this

---

1.   Issues not raised in post-verdict motions will not be considered on appeal.... An exception exists, however, when ineffective assistance of prior counsel is raised. In such a case, ineffectiveness of prior counsel must be raised at the earliest stage in the proceedings at which counsel whose ineffectiveness is being challenged no longer represents appellant.
*Commonwealth v. Webster,* 490 Pa. 322, 325, 416 A.2d 491, 492 (1980) (citation omitted).

2.   Our Supreme Court in *Commonwealth v. Schroth,* 495 Pa. 561, 564, 435 A.2d 148, 149 (1981) enunciated the standard of review in evaluating ineffective assistance claims:
In considering appellant's claim of ineffective counsel, we are governed by *Com. ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), where we held that a court must independently review the record and examine counsel's stewardship in light of available alternatives. The inquiry ceases and counsel is deemed to have been effective once the court is able to conclude that counsel's actions had a reasonable basis designed to effectuate the client's interests. The test is not whether it appears on hindsight that another course of action would have been more reasonable. Further, counsel is not ineffective in failing to assert a baseless claim. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

attorney, and he asked the court to verify the truth of that statement. The trial judge spoke to private counsel who told the judge he had not been contacted in the instant matter and that he was not representing appellant. Sometime later in the trial, the judge received a message in his chambers that private counsel had been contacted by appellant's family and that he would represent appellant, but not until June 1, 1981; the trial had commenced on May 6, 1981. The trial judge told private counsel that he could not postpone the trial until June 1st.

The decision to deny such a continuance is clearly within the discretion of the trial judge:

> Generally in determining the question of whether a court abuses its discretion in denying a continuance, an accused's right to choose a particular counsel, which is not absolute, must be weighed against the public need for the efficient and effective administration of justice.... In determining this issue, each case must be decided by balancing the competing interests. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.

*Commonwealth v. Kittrell,* 285 Pa.Super. 464, 468, 427 A.2d 1380, 1381–1382 (1981) (citation omitted).

Appellant cites *Commonwealth v. Flynn,* 248 Pa.Super. 62, 374 A.2d 1317 (1977) and *Commonwealth v. Ross,* 465 Pa. 421, 350 A.2d 836 (1976) in support of the proposition that the trial judge abused his discretion in failing to grant a continuance to allow him to retain counsel of his choice. Those cases are readily distinguishable from the instant matter in that *Flynn* and *Ross* both turned upon representation by unprepared lawyers. Both involved public defenders who did not have sufficient time to prepare their client's defense. In the instant case, the public defender had represented appellant for almost four months prior to trial and had not been notified until jury selection of his client's

refusal to cooperate. No attempts to secure private counsel were made prior to that time, and appellant's trial counsel was thoroughly familiar with appellant's case by the time of trial.

Appellant additionally cites *Commonwealth v. Holzer,* 480 Pa. 93, 389 A.2d 101 (1978) for the above proposition. The *Holzer* court premised its decision upon the fact that the Commonwealth would not have been prejudiced by the granting of a continuance. The *Holzer* court noted that "[w]hen appellant requested the one month continuance, less than two months had passed since his arrest. The Commonwealth would not, therefore, have been in any appreciable danger of violating appellant's guarantee of a speedy trial." *Id.,* 480 Pa. at 105 n. 8, 389 A.2d at 107 n. 8. Contrast *Holzer* with the situation in the instant case where "June 1, 1981 [the date when private counsel would be prepared for trial], was more than 180 days from the filing of the complaint against defendant." (Lower court opinion at 8.) Thus, a Pa.R.Crim.P. 1100 dismissal could have resulted from such a delay.

We note also that appellant was ably represented by his public defender. Moreover, we do not condone appellate counsel's attempt to mislead this Court by alleging that appellant did not cooperate at trial with his public defender. Appellant cooperated with his counsel in presenting an account of the events of December 24, 1980. That account simply was disbelieved by the jurors. The lower court found "that trial counsel vigorously cross-examined the Commonwealth's witnesses and carefully elicited the defendant's version of the incident. . . ." (Lower court opinion at 11.) We agree and find the representation of trial counsel to have been commendable.[3]

3. The lower court, in evaluating trial counsel's representation, noted:
    The record indicates that the defendant's trial attorney ... obtained a favorable *[Commonwealth v.] Bighum* [, 452 Pa. 554, 307 A.2d 255 (1974) ] ruling thus permitting defendant to testify on his own behalf without fear of the introduction of prior convictions. We observed, at trial, that defendant cooperated with said trial attorney in the selection of the jury and the conduct of the

We conclude then that the trial judge did not abuse his discretion in declining to grant a continuance. We place great weight upon 1) the fact that appellant had almost five months to contact private counsel during which he failed to do so, 2) the potential prejudice to the Commonwealth's case and 3) the able representation afforded appellant by his public defender. *Compare Commonwealth v. Andrews,* 282 Pa.Super. 115, 136, 422 A.2d 855, 865 (1980) (Spaeth, J., dissenting).

While trial counsel failed to preserve the issue of the denial of a continuance, we conclude that the claim foregone was meritless. The trial judge did not abuse his discretion in declining to grant a continuance, and we find therefore that trial counsel was not ineffective in failing to preserve that issue. We will not find counsel ineffective for failing to raise a meritless claim. *E.g., Commonwealth v. Webb,* 491 Pa. 329, 421 A.2d 161 (1980).

Judgment of sentence affirmed.

trial. Finally, we recall that [trial counsel] made an impressive, thorough closing argument. However, because of the overwhelming evidence, defendant was tried and convicted.
(Lower court opinion at 8–9.)