600 A.2d 589

**Patricia RODRIGUEZ**

v.

**Modesto RODRIGUEZ, Appellant.**

Superior Court of Pennsylvania.

Argued May 23, 1991.

Filed Dec. 12, 1991.

Douglas N. Stern, Philadelphia, for appellant.

Robin W. Banister, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before WIEAND, BECK and HUDOCK, JJ.

BECK, Judge:

This is an appeal from a final order adjudicating appellant, Modesto Rodriguez, to be the father of two children born to appellee Patricia Rodriguez during the parties' marriage and ordering him to pay support for those children. The pertinent facts are as follows.

Modesto Rodriguez and Patricia Rodriguez were married in 1972. During the marriage, two children were born— Stephen, born in 1974, and David, born in 1978. The parties were divorced in 1985. Prior to that time, however, Patricia moved to Florida and, in 1980, filed a petition for support for her two children. This petition was forwarded to Philadelphia pursuant to the Uniform Reciprocal Support Law. Although the petition was served on appellant, he failed to appear at the hearing scheduled on the petition and a bench warrant was issued. No support order was ever entered on this petition.

In 1989, Patricia renewed her attempts to obtain child support by filing another petition for support, this time in Las Vegas, Nevada. When this petition was forwarded to Philadelphia and served on appellant, he appeared, without counsel, for two pre-trial conferences and alleged that he was financially unable to support the two children. At the second of these conferences, appellant also denied paternity of the children. When the hearing on the petition was held, appellant again appeared without counsel. He repeated his denial of paternity and requested blood testing. This request was denied and the court found that on the evidence before it appellant was the children's father. Appellant then secured counsel and filed post trial motions, which were denied. The court entered a final order of support, from which this appeal is taken.

On appeal, appellant argues that he was denied his due process right to be represented by counsel when he appeared at the hearing on his paternity without counsel and was not informed of his right to obtain counsel or, if indigent, to have counsel appointed for him. Appellant relies on *Corra v. Coll,* 305 Pa.Super. 179, 451 A.2d 480 (1982), and *White v. Gordon,* 314 Pa.Super. 185, 460 A.2d 828 (1983).

We agree that under the authority of these cases, appellant had a constitutional right to be represented by counsel. In *Corra v. Coll,* a panel of this court determined that the familial, liberty and property interests at stake in a paternity proceeding are significant enough to warrant protection through the appointment of counsel for indigent defendants in paternity actions. 305 Pa.Super. at 189–91, 451 A.2d at 486. The *Corra* court further found that the absence of counsel at a paternity proceeding posed a risk of an incorrect paternity determination and that the Commonwealth had a clear interest in the correctness of such determinations.

In *White v. Gordon,* 314 Pa.Super. 185, 460 A.2d 828 (1983), the *Corra* holding was extended to apply to non-indigent defendants in paternity proceedings. In *White,* the panel opined that since the same interests were present whether the defendant was indigent or not, a non-indigent defendant must be given a reasonable opportunity to obtain counsel. *Id.,* 314 Pa.Superior Ct. at 188–90, 460 A.2d at 830. Later cases have further refined the right to counsel granted by *Corra* and *White* by holding that the right to counsel is a right to effective counsel. *See, e.g., Banks v. Randle,* 337 Pa.Super. 197, 486 A.2d 974 (1984).

There is no question that appellant was denied this right to effective counsel. There is no indication from the record before us that appellant was ever informed of his right to counsel. Therefore, he was never afforded an opportunity either to obtain counsel or to engage in a knowing and intelligent waiver of his right to counsel, as is required by our case law. *See Commonwealth v. Szuchon,* 506 Pa.

228, 484 A.2d 1365 (1984). Appellant was never instructed as to the possible disadvantages of proceeding without counsel or as to the assistance that counsel might render him. Moreover, there was no discussion of whether appellant was in fact indigent and might have counsel appointed for him.

Appellee argues, however, that the right to counsel does not exist in a case such as this where the children as to whom paternity is disputed are children born during the appellant's marriage to appellee and where the presumption that they are the children of that marriage applies. We disagree. We do not find a relevant distinction between this case and the precedent cases in which the right to counsel was recognized. The same liberty, property and familial interests are equally involved, and the risk of an incorrect determination is equally present.

Having determined that appellant was denied his constitutional right to counsel, we must remand this matter to the trial court for a new hearing on paternity at which appellant's constitutional right to counsel is protected. Given the clear necessity for a new hearing on paternity, we will not address the issue of whether appellant is entitled to blood tests to attempt to disprove his paternity. The hearing will determine whether the court shall order blood tests or whether the court will deny blood tests because the appellant is equitably estopped from questioning his paternity. *Seger v. Seger*, 377 Pa.Super. 391, 547 A.2d 424 (1988).

The order of the trial court is reversed and the matter is remanded for a new hearing to be conducted in accordance with this Opinion. Jurisdiction is relinquished.

WIEAND, J., files a concurring opinion.

WIEAND, Judge, concurring:

I concur in the majority's decision to reverse and remand for a new hearing. In addition to appellant's assertion that he was entitled to be represented by counsel in this proceeding to determine paternity, he argues specifically that the

hearing court erred when it denied his request for blood tests. In my judgment, appellant is also entitled to a new hearing for this reason.

Modesto and Patricia Rodriguez were married on September 30, 1972 and divorced in 1985. Two children were conceived and born to Patricia during the marriage: Stephen, born November 18, 1974, and David, born August 15, 1978. Modesto denies paternity of these children. Patricia, after moving to Florida, filed a petition for the support of her two children in 1980. This petition, pursuant to the Uniform Reciprocal Support Law, was forwarded to Philadelphia, where it was served on appellant. At the time of hearing, appellant failed to appear, and a bench warrant was issued for his arrest. However, a support order was never entered in response to the Florida petition.

In September, 1989, Patricia Rodriguez filed a second petition for support of her two children. This petition was filed in Las Vegas, Nevada, and was also forwarded to Philadelphia. When this was served on appellant, he appeared twice for pre-trial conferences, but when he denied both paternity of the children and also a financial ability to contribute to their support, the case came on for hearing before the trial court. There, appellant appeared without counsel. After a very brief hearing, the trial court made a finding that appellant was the father of the children for whom support was being sought. The record shows that he was not advised that he had a right to be represented by counsel and that a request for blood tests was denied by the court. Post-trial motions were denied—by this time appellant was represented by counsel—and he was ordered to pay the sum of twenty ($20) dollars per week for the support of his children, effective March 11, 1980.

In *Corra v. Coll,* 305 Pa.Super. 179, 451 A.2d 480 (1982), the Superior Court held that because of the special interests involved in paternity actions, including the possible loss of liberty, a defendant had a constitutional right to be represented by counsel. In *White v. Gordon,* 314 Pa.Super. 185, 460 A.2d 828 (1983), the Court held that a nonindigent

defendant in a paternity action had been denied due process where a trial court ordered him to proceed without counsel. The Court there said, "a potential deprivation of liberty confronts any paternity defendant, whether or not indigent, and, since this court has determined that indigent paternity defendants have a right to counsel, nonindigent paternity defendants must, at least, be afforded a reasonable opportunity to secure representation by counsel to assist in the defense of such claims." *Id.,* 314 Pa.Superior Ct. at 189, 460 A.2d at 830. Finally, in *Banks v. Randle,* 337 Pa.Super. 197, 486 A.2d 974 (1984) and *Kitrell v. Dakota,* 373 Pa.Super. 66, 540 A.2d 301 (1988), *allocatur denied,* 523 Pa. 642, 565 A.2d 1167 (1989), the Court held that the right to be represented by counsel included the right to receive effective representation.

Appellee, who is represented by the District Attorney, argues that the right to counsel does not exist where the children were born during coverture and the defendant is presumed to be their father. However, the same liberty interests which formed the basis for the decision in *Corra v. Coll, supra,* are present in this action in which appellant has been charged with but denies paternity. Because the same interests are present here, appellant's right to counsel must be recognized.

Where a constitutional right to effective assistance of counsel exists, a "waiver of [the right] must appear from the record to be a knowing and intelligent decision made with full understanding of the consequences." *Commonwealth v. Szuchon,* 506 Pa. 228, 250, 484 A.2d 1365, 1377 (1984), citing *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975) and *Johnson v. Zerbst,* 304 U.S. 458, 464–465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). See also: *Commonwealth v. Cathey,* 477 Pa. 446, 450, 384 A.2d 589, 590 (1978).

The record in the instant case fails to disclose a knowing and intelligent waiver of appellant's right to counsel. When he appeared for trial without counsel, the court did not tell him that he was entitled to be represented by counsel or

explain to him the dangers and/or disadvantages of proceeding without counsel. Also, it was not explained to appellant that if he were indigent he could request the court to appoint counsel for him. Because there was no colloquy whatsoever regarding appellant's right to counsel, it cannot be said that the right thereto was waived merely because appellant appeared without counsel. The right to counsel in this case was not knowingly and intelligently waived. Cf. *Commonwealth v. Bryant*, 524 Pa. 564, 571, 574 A.2d 590, 594 (1990); *Commonwealth v. Davis*, 479 Pa. 274, 283, 388 A.2d 324, 326 (1978); *Commonwealth v. Lloyd*, 370 Pa.Super. 65, 84, 535 A.2d 1152, 1162 (1988), *allocatur denied*, 518 Pa. 637, 542 A.2d 1367 (1988).

The Uniform Act on Blood Tests to Determine Paternity (The Uniform Act), 42 Pa.C.S. §§ 6131 et seq., at section 6133, directs that blood tests shall be ordered in any matter in which paternity is a relevant fact. Paternity is a relevant fact in an action for child support where it has not previously been adjudicated and where the party disputing paternity is not estopped from doing so. See: *Jones v. Trojak*, 402 Pa.Super. 61, 67–69, 586 A.2d 397, 400 (1990). See also: *Commonwealth ex rel. Coburn v. Coburn*, 384 Pa.Super. 295, 301, 558 A.2d 548, 551 (1989) (en banc), citing *Wachter v. Ascero*, 379 Pa.Super. 618, 550 A.2d 1019 (1988); *Manze v. Manze*, 362 Pa.Super. 153, 523 A.2d 821 (1987). Compare: *Christianson v. Ely*, 390 Pa.Super. 398, 568 A.2d 961 (1990) (paternity not relevant fact in child support action against putative father where mother estopped from denying her husband's paternity); *Sanders v. Sanders*, 384 Pa.Super. 311, 558 A.2d 556 (1989), *allocatur denied*, 525 Pa. 635, 578 A.2d 930 (1990) (paternity not relevant fact in support action where plaintiff's first husband had previously been ordered to provide child support); *Seger v. Seger*, 377 Pa.Super. 391, 547 A.2d 424 (1988) (paternity not relevant in custody action where husband had assumed parental responsibility with knowledge that his biological paternity was questionable). Instantly, there has been no prior adjudication of paternity, and the record does not reflect that

appellant has ever acted in a manner that would estop him from denying paternity of the children to be supported. There is no evidence that he ever accepted the children as his own or provided for their support.

The presumption of paternity which arises from the marriage relationship does not necessarily render the question of paternity irrelevant. This presumption, although one of the strongest presumptions in the law, see: *John M. v. Paula T.*, 524 Pa. 306, 313, 571 A.2d 1380, 1384 (1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 140, 112 L.Ed.2d 107 (1990), is a rebuttable presumption. The presumption may be rebutted in the traditional manner by evidence of nonaccess or impotence. See: *Commonwealth ex rel. Ermel v. Ermel*, 259 Pa.Super. 219, 221, 393 A.2d 796, 797 (1978). It may also be overcome, following the legislature's adoption of 42 Pa.C.S. § 6137, by blood tests which exclude the husband as a possible father.[1] *Jones v. Trojak, supra* 402 Pa.Super. at 65–67, 586 A.2d at 399; *Nixon v. Nixon*, 354 Pa.Super. 232, 511 A.2d 847 (1986); *Commonwealth ex rel. Goldman v. Goldman*, 199 Pa.Super. 274, 184 A.2d 351 (1962). The results of reliably performed blood tests may provide the court with accurate and probative evidence regarding the issue of paternity and, by specific enactment of the legislature may, in some cases, overcome the presumption of legitimacy which arises from the marriage relationship.

On the record now before this Court, there appears no valid reason for denying to appellant the right granted by statute to require blood tests which may be determinative of his paternity of the children which he is being asked to support. Therefore, for this reason also appellant is entitled to a new hearing.

---

1. Section 6137 provides as follows:

   **§ 6137. Effect on presumption of legitimacy**

   The presumption of legitimacy of a child born during wedlock is overcome if the court finds that the conclusions of all the experts as disclosed by the evidence based upon the tests show that the husband is not the father of the child.