## Troup v. Bailey

MILLER, *P.J.*, January 28, 1993—The defendant has filed a petition for the appointment of counsel in a civil action. He has used a form that this court created for the purpose of allowing a litigant to approach the court in a civil action for the appointment of counsel and to give the court enough information to determine the right of indigents to representation in civil actions which lead to the deprivation of "substantial rights." *In re Adoption of R.I.,* 455 Pa. 29, 312 A.2d 601, (1973); *Cora v. Coll,* 305 Pa. Super. 179, 451 A.2d 480 (1982); *White v. Gordon,* 314 Pa. Super. 185, 460 A.2d 828 (1983).

We write this memorandum to explain our order in this case as well as to instruct and inform the Domestic Relations Section and bar on the issues raised by the defendant's petition. Those issues generally center around when a defendant who has already acknowledged paternity now questions paternity and the right to blood testing and counsel under the same circumstances.

## BACKGROUND

On December 22, 1980, the plaintiff filed a complaint seeking support for two minor children. She claims that she and the defendant were never married but that the defendant was the father of the children.

On February 3, 1981, the plaintiff and defendant entered into a consent support order whereby the defendant admitted that he was the father of the children and agreed to pay support. That order also provided that he would have a right to visit the children at any time that he and the plaintiff were able to agree.

Furthermore, the defendant signed an acknowledgment of paternity on February 3, 1981, acknowledging that he had been advised of, and waived, his right to a trial on the issue of paternity; that paternity had to be proven by a preponderance of the evidence; and that he had a right to have an attorney represent him at the time of trial on paternity as well as in a support action.

On June 4, 1986, the plaintiff filed a petition under the Revised Uniform Reciprocal Support Act (then 42 Pa.C.S §6741 et seq., now 23 Pa.C.S §4501 et seq.). The plaintiff's petition and statement repeat the allegation that the defendant is the father of the children, that the parties had lived together off and on, and that the defendant had made a support contribution on February 9, 1981 in the amount of $10.

Now the plaintiff lives in Florida and she or the child-support enforcement authorities are asking the Crawford County Domestic Relations Section to collect the arrearages and attach the defendant's income. The plaintiff alleges that the arrears amount to $5,823.30.

The defendant now files a petition for the appointment of counsel in a civil action alleging that the children are not his. He wants blood tests to prove that and needs counsel to represent him.

## DISCUSSION

Blood tests may be used to determine paternity (42 Pa.C.S. §6131 et seq.). A man charged with being the father of a child has the right to counsel, including free counsel, in a paternity action. *Cora v. Coll, supra.*

A father who admits paternity has an absolute right to be told of his right to counsel and if he is not told that beforehand he has a right to set aside his acknowledgment of paternity. *Rodriguez v. Rodriguez,* 410 Pa. Super. 549, 600 A.2d 589 (1991).

Where a father admits paternity and fails to take an appeal from a support order based thereon he cannot later on challenge paternity nor his obligation to pay support with a showing of fraud.

"It is well settled that an order for support of an illegitimate child necessarily determines the issue of paternity. Absent an appeal taken directly from the order, or the showing of fraud the aggrieved party is foreclosed from challenging this determination. The issue of paternity is established as a matter of law. (citations omitted) Furthermore [it has been stated] ... that paternity is a relevant fact necessarily determined and established by the entry of a support order, and therefore, under the doctrine of res judicata, the aggrieved party to a support

order may not later challenge that fact in a subsequent proceeding." *Wachter v. Ascero*, 379 Pa. Super. 618, 621, 550 A.2d 1019, 1020 (1988).

Furthermore, one who acknowledges paternity is estopped from denying paternity by his own action in admitting paternity in the first place. *Wachter v. Ascero, supra; Seger v. Seger,* 377 Pa. Super. 391, 547 A.2d 424 (1988); *Jones v. Trojak,* 402 Pa. Super. 61, 586 A.2d 397 (1990), *alloc granted,* 527 Pa. 673, 594 A.2d 658 (1991); *Commonwealth ex rel Coburn v. Coburn,* 384 Pa. Super. 295, 558 A.2d 548 (1989); *Gulla v. Fitzpatrick,* 408 Pa. Super. 269, 596 A.2d 851 (1991).

The defendant clearly acknowledged paternity nearly 13 years ago. The record establishes that he acknowledged his right to counsel and the right to trial on the issue of paternity. He can only now question paternity if he alleges and proves fraud. Fraud is "a narrow exception to the settled law of this Commonwealth which supports the finality of an acknowledgement of paternity." *B.O. v. C.O.,* 404 Pa. Super. 127, 590 A.2d 313 (1991). The elements of fraud, which must be proved by evidence that is clear, precise and convincing are:

(1) A misrepresentation;

(2) A fraudulent utterance thereof;

(3) An intention by the maker that the recipient will thereby be induced to act;

(4) Justifiable reliance by the recipient upon the misrepresentation; and

(5) Damage to the recipient as the proximate result. *B.O. v. C.O., supra.*

## CONCLUSION

At this point this is not a paternity action nor an action where paternity can be raised or determined since the

defendant has already acknowledged paternity and an obligation of support. Since paternity is not an issue the defendant would not be entitled to blood tests or counsel. The record does not indicate fraud and the defendant does not allege fraud nor, more importantly, allege facts that would amount to a proper assertion of fraud. Until he does that, if he can, this court will not appoint counsel to represent him.