J-S09016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| S.M.E. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| D.A.B. | |
| Appellant | No. 1817 MDA 2015 |

Appeal from the Order Entered September 18, 2015
In the Court of Common Pleas of Snyder County
Domestic Relations at No(s): 2015-00071
PACSES No. 613115274

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED FEBRUARY 19, 2016**

D.A.B. appeals *pro se* from an order of the Court of Common Pleas of Snyder County naming him the biological father of X.A.E. ("Child"), born October 2009, and entering a final order of support against him.  After careful review, we vacate and remand.[1]

On May 1, 2015, S.M.E. ("Mother") filed a complaint against D.A.B. for support of Child. The trial court ordered D.A.B. to appear for a support conference on June 16, 2015.  The court also ordered D.A.B. to appear for genetic testing on June 8, 2015; that order stated that if D.A.B. "fails to appear for genetic testing as ordered, the court will enter an order finding the defendant is the father of the child."  Order, 5/27/15.

---

[1] Appellee has failed to file an appellate brief.

On that date, the court entered an order finding D.A.B. is the father of Child pursuant to 23 Pa.C.S.A. § 5104(c).[2] The court noted that D.A.B. appeared and refused to submit to genetic testing as ordered.

D.A.B. states that when he appeared for genetic testing, he informed the court that Mother "was married and living with her husband" at the time of conception and that the presumption of paternity should apply. *See* Appellant's Brief, at 4. D.A.B. further states that the court asked if he would like to seek legal counsel before proceeding, to which he responded yes, and was told a hearing would be scheduled. D.A.B. next states that prior to any scheduled hearing being held, he received the June 8, 2015 order naming him the biological father of Child. *Id*.

_____

[2] Section 5104(c) provides:

> **Authority for test**.--In any matter subject to this section in which paternity, parentage or identity of a child is a relevant fact, the court, upon its own initiative or upon suggestion made by or on behalf of any person whose blood is involved, may [sic] or, upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child and alleged father to submit to blood tests. **If any party refuses to submit to the tests, the court may resolve the question of paternity, parentage or identity of a child against the party or enforce its order if the rights of others and the interests of justice so require.**

23 Pa.C.S.A. § 5104(c) (emphasis added).

Thereafter, the court held a conference on June 30, 2015, which both parties attended, and the court entered an interim support order against D.A.B. On July 10, 2015, D.A.B. requested a *de novo* hearing. The court scheduled the hearing for September 18, 2015. On September 3, 2015, Father filed a motion for a continuance, stating that he was scheduled to undergo surgery. The trial court denied that request.

D.A.B. failed to appear at the September 18, 2015 hearing, and the court entered the interim support order as a final order of support. On October 19, 2015, D.A.B. filed a request that the court "rescind the June 8, 2015 order naming him the biological father, and dismiss all support actions against him." This notice of appeal IFP was docketed on October 21, 2015.[3]

In his brief, D.A.B. raises the following challenges to the finding of paternity:

1. Was the appellee married and living with her husband at the time of conception, and married at the time of birth?

2. Was the appellant unavailable at the time of conception of the child in question?

_____

[3] D.A.B. erroneously filed the appeal in the Commonwealth Court. The Commonwealth Court forwarded the appeal to the trial court. *See* Pa.R.A.P. 905(a)(4)("If a notice of appeal is mistakenly filed in an appellate court, or is otherwise filed in an incorrect office within the unified judicial system, the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and upon payment of an additional filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed.").

The trial court points out that D.A.B. failed to seek reconsideration or file a notice of appeal from the June 8, 2015 order.  *See* Trial Court Opinion, 10/27/15, at 1.  That, however, is inconsequential.  An order establishing paternity is not an appealable order; the issue of paternity may be included in an appeal from a final order of support.  *See* Pa.R.C.P. 1910.15(f).  D.A.B. has appealed from the September 18, 2015 final order of support.

We now address D.A.B.'s challenges to the paternity finding.  The Explanatory Comment to Pa.R.C.P. 1910.15(f) states that paternity may be established "by failing to appear for the initial conference, genetic testing, trial or hearing, which results in entry of a default order establishing paternity under subdivision (e)."  Explanatory Comment-2000- Pa.R.C.P. 1910.15(f).  Here, D.A.B. *did* appear for genetic testing, but it is not clear on the record before us whether he was entitled to appointed counsel.  We cannot conclude from this record that D.A.B. had a meaningful opportunity to be heard on the issue of paternity.  The due process clause of the Fourteenth Amendment to the United States Constitution requires the appointment of counsel for indigent defendants in civil paternity actions in Pennsylvania.  *See Corra v. Coll*, 451 A.2d 480, 486 (Pa. Super. 1982) (familial, liberty and property interests at stake in a paternity proceeding are significant enough to warrant protection through appointment of counsel for indigent defendants in paternity actions); *see also White v. Gordon*, 460 A.2d 828 (Pa. Super. 1983) (non-indigent defendant must have reasonable opportunity to obtain counsel).

- 4 -

D.A.B. is *pro se* on appeal, and this appeal was filed *in forma pauperis*; we can only assume, therefore, having been granted IFP status, that D.A.B. has averred that he is indigent. **See** Pa.R.A.P. 551-561. There is no discussion on the record of whether D.A.B. was in fact indigent and might have counsel appointed for him.

Further, the finding that D.A.B. *refused* to submit to blood tests is not supported by the record. D.A.B. raised the issue of the presumption of paternity. Although the statute provides that if a litigant refuses to submit to blood tests the court may resolve the paternity issue against him, in order to make a finding that D.A.B. refused to take the blood tests, this must be determined through hearing or admission. **See Freedman v. McCandless**, 654 A.2d 529 (Pa. 1995). Further, Rule 1910.15(c) provides that "[i]f either party or the court raises the issue of estoppel or the issue of *whether the presumption of paternity is applicable*, the court shall dispose promptly of the issue and may stay the order for genetic testing until the issue is resolved." Pa.R.C.P. 1910.15(c) (emphasis added). Here, it appears that D.A.B. raised the presumption of paternity, but there is no indication in the record that this issue was resolved. **See Brinkley v. King**, 701 A.2d 176 (Pa. 1997) (presumption of paternity applies where policy of preservation of marriage would be advanced by its application; otherwise it does not apply); **Fish v. Behers**, 741 A.2d 721, 723 (Pa. 1999); **McCue v. McCue**, 604 A.2d 738 (Pa. Super. 1992); **cf. M.L. v. J.G.M**., 2016 PA Super 1 (filed January 4, 2016). As the trial court acknowledges, there is no factual record before us

since D.A.B. failed to appear at the scheduled September 18, 2015 hearing, which brings us to another concern – the trial court summarily denied D.A.B.'s motion for continuance based on averment of scheduled surgery. The lower court has provided little explanation, suggesting instead that D.A.B.'s issues are waived because no factual record exists.

From our review, it appears that the trial court entered the paternity determination prematurely. We, therefore, vacate and remand for: (1) a determination of whether D.A.B. is entitled to appointment of counsel; and (2) resolution of the presumption of paternity issue. If the court determines the presumption does not apply, the matter can proceed pursuant to section 5104(c) and Rule 1910-15(c).

Order vacated. Case remanded for further proceedings in accordance with this decision. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/19/2016